Commonwealth ex rel. Gibbs, Appellant, *v.* Claudy.

Argued November 20, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Robert G. Gibbs,* appellant, in propria persona, submitted a brief.

*Henry R. Smith, Jr.,* Assistant District Attorney, with him *William S. Rahauser,* District Attorney, for appellee.

PER CURIAM, January 17, 1952:

Robert G. Gibbs has appealed from the order of the Court of Common Pleas of Allegheny County denying his petition for writ of habeas corpus. On May 24, 1951, appellant filed his petition for writ of habeas corpus in the Court of Common Pleas of Allegheny County at No. 2205, July Term, 1951 A. On July 9, 1951, a hearing was held in that court at which time he appeared

with counsel and testified.[1] At the hearing it was agreed that the only ground upon which appellant sought his discharge on a writ of habeas corpus from the Western State Penitentiary, to which he had been sentenced from Crawford County on February 25, 1947, was that he had been illegally returned from the State of Ohio to the Crawford County jail in Meadville, Pennsylvania, on February 24, 1947. Appellant had escaped from the Crawford County jail on February 22, 1947, where he was confined after entering pleas to charges of burglary and larceny.

Appellant previously filed a petition for writ of habeas corpus at No. 398, January Term, 1949, in the Court of Common Pleas of Allegheny County in which he alleged, inter alia, that his return from Ohio to Pennsylvania was irregular and illegal in that he did not sign, and was not requested to sign, any extradition papers. That petition was dismissed and a writ of habeas corpus refused on October 25, 1948. From that order appellant appealed to this Court. With a modification, the order of the court below was affirmed in *Com. ex rel. Gibbs v. Ashe,* 165 Pa. Superior Ct. 35, 67 A. 2d 773, on July 14, 1949, and certiorari denied by the Supreme Court of the United States, 338 U. S.

---

[1] "Q. Among other things, it was called to the court's attention at that time [1948], that, according to your version at any rate, you were brought back into Pennsylvania without due process of law through the proceeding of extradition? A. There was no proceeding of extradition. . . . Q. That was before the court at that time, wasn't it? A. Yes, sir. Q. And that was brought to the attention of each of the other courts that have been referred to here, the Superior Court of Pennsylvania, the Supreme Court of Pennsylvania, the United States Supreme Court, and the Federal District Court, sitting here in Pittsburgh? Isn't that right? A. Yes. . . . Q. And it was raised in all the other courts? A. Yes. Q. And the writ was denied? A. Yes. Q. Have you anything further to say? A. In all those petitions I didn't have this Act [Uniform Criminal Extradition Act of July 8, 1941, P. L. 288]."

880, 70 S. Ct. 151, 94 L. Ed. 540; 339 U. S. 961, 70 S. Ct. 993, 94 L. Ed. 1371. The averment upon which appellant relies in the present proceeding has been before the court below and this Court. The question has been adjudicated, and the order of the court below will be affirmed. See *Com. ex rel. Orlando v. Smith,* 346 Pa. 42, 30 A. 2d 534; *Com. ex rel. Dugan v. Ashe,* 347 Pa. 588, 33 A. 2d 32; *Com. ex rel. Lieberman v. Burke,* 158 Pa. Superior Ct. 207, 44 A. 2d 597; *Com. ex rel. Lewis v. Ashe,* 142 Pa. Superior Ct. 357, 16 A. 2d 433.

The court below, in an opinion by President Judge McNAUGHER, made this pertinent observation: "This is one of the extreme cases brought to our attention where petitioners, evidently encouraged by fellow-inmates, have repeatedly brought petitions for writs of habeas corpus. The Courts here and elsewhere have been flooded with applications of this sort where gullible prisoners have been led to believe that technicalities of the law have not been observed and that in conse-quence the penalties for serious crimes, undoubtedly committed, may be avoided. The prisoner in this case was committed to the Western State Penitentiary in proceedings lawfully brought and under sentences lawfully imposed by the court of Crawford County, Pennsylvania, after he had escaped into Ohio and had been brought back by the Pennsylvania authorities. There is no credible evidence that he did not return with the officers voluntarily, even though there was no waiver of extradition proceedings."

In *Com. ex rel. Master v. Baldi,* 166 Pa. Superior Ct. 413, 421, 72 A. 2d 150, 154 (allocatur refused by the Supreme Court of Pennsylvania, 166 Pa. Superior Ct. xxiv; certiorari denied by Supreme Court of the United States, 340 U. S. 866, 71 S. Ct. 88, 95 L. Ed. 632), we said: "A prisoner who is regularly indicted and tried under the laws of a state where the crime was committed is not deprived of due process of law

under the Fourteenth Amendment by the manner in which he is brought from another jurisdiction [cases cited]."

Appellant's present petition is the latest in a long series, following the disposition of his appeal by this Court (*Com. ex rel. Gibbs v. Ashe,* 165 Pa. Superior Ct. 35, 67 A. 2d 773) on July 15, 1949.

Order of the court below is affirmed.