Commonwealth ex rel. Baerchus, Appellant, *v.*
Burke.

Argued October 1, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Lois G. Forer,* for appellant.

*Ralph P. Needle,* Assistant District Attorney of Lackawanna County, with him *Carlon M. O'Malley,* District Attorney of Lackawanna County, *J. Stroud Weber,* District Attorney of Montgomery County, and *C. Howard Harry, Jr.,* Assistant District Attorney of Montgomery County, for appellee.

OPINION BY DITHRICH, J., January 20, 1953:

Relator, Anthony Baerchus, was convicted of burglary and larceny in the Court of Oyer and Terminer of Lackawanna County and sentenced December 8, 1947, to three consecutive terms of five to ten years in the Eastern State Penitentiary on the burglary charges. Sentence was deferred on the charges of larceny. On January 27, 1950, having filed a petition for a writ of habeas corpus, he was granted a hearing in the Court of Common Pleas of Montgomery County before CORSON, J. He testified that police officers had beaten him after his arrest and so coerced his confession to the crimes of which he was convicted. The District Attorney called to the witness stand another inmate of the penitentiary, who testified that he had made an affidavit to the effect that he had been con-

fined in jail with Baerchus at the time of the alleged beatings and that he had seen blood and wounds upon Baerchus. He then repudiated this affidavit, whereupon the court discharged the writ. No appeal was taken.

On May 1, 1951, Baerchus filed a second petition for a writ of habeas corpus which was argued, again before Judge CORSON, on November 30, 1951. This writ was also discharged and relator took this appeal.

The Supreme Court of the United States summarized the effect of prior adjudications upon application for the writ of habeas corpus in *Price v. Johnston,* 334 U. S. 266, 68 S. Ct. 1049, 92 L. Ed. 1356. Mr. Justice MURPHY, speaking for the Court, referred to the case of *Salinger v. Loisel,* 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989, relied upon by the Circuit Court of Appeals, and said (p. 289) : "It was there held that, while *habeas corpus* proceedings are free from the *res judicata* principle, a prior refusal to discharge the prisoner is not without bearing or weight when a later *habeas corpus* application raising the same issues is considered."

Appellant contends that he presents grounds in this petition which were not considered by the court in the prior application. He abandons the allegation that he was beaten and "relies solely upon the uncontroverted fact that he was held by the police eighty-five and one-half hours before being given a preliminary hearing before a magistrate. . . . This ground for release was not considered by the court in the first application for the writ." He contends that he is not merely bringing a second petition for the writ. But at the first hearing he attempted to prove that his conviction was *coerced* by physical beatings, whereas in the present proceeding he places "his sole reliance upon the psychological and mental *coercion* implicit in such a pe-

riod of detention." That is a distinction without a difference. His principal complaint is that he was convicted upon a confession obtained by *coercion,* and that complaint was fully considered and passed upon by the court below in the prior proceeding.

In his first petition relator alleged the following: "Petitioner was *not* released, but held incommunicado for a period of four days and three nights . . . to force the petitioner to confess to crimes he did *not commit* . . ., and to obtain a signed confession against his free will." The facts of the uncontroverted detention, as well as the questioned beating, were before the court. In the opinion filed with his present order the learned judge of the court below stated: "The question raised as to due process under the Federal Constitution was raised at the hearing on the first writ, was passed upon by this court, and no exceptions or appeal were taken to that ruling." This Court has held repeatedly that a petition for a writ of habeas corpus which is repetitious of previous petitions, or which contains the same averments as the last petition, should be dismissed. *Commonwealth ex rel. Campbell v. Claudy,* 171 Pa. Superior Ct. 282 (allocatur refused ibid. xxiv), 89 A. 2d 895 (certiorari denied by the Supreme Court of the United States) ; *Commonwealth ex rel. Gibbs v. Claudy,* 170 Pa. Superior Ct. 205, 85 A. 2d 621; *Commonwealth ex rel. Lewis v. Ashe,* 142 Pa. Superior Ct. 357, 16 A. 2d 433.

A careful consideration of the very able brief filed by petitioner's counsel fails to convince us that his constitutional rights have been abridged. Use of a coerced confession against a defendant in a criminal trial is a deprivation of due process of law. *Commonwealth ex rel. Master v. Baldi,* 166 Pa. Superior Ct. 413 (allocatur refused ibid. xxiv), 72 A. 2d 150 (certiorari denied by the Supreme Court of the United

States) ; *Watts v. Indiana,* 338 U. S. 49, 69 S. Ct. 1347, 93 L. Ed. 1801; *Turner v. Pennsylvania,* 338 U. S. 62, 69 S. Ct. 1352, 93 L. Ed. 1810; *Harris v. South Carolina,* 338 U. S. 68, 69 S. Ct. 1354, 93 L. Ed. 1815. But "The mere questioning of a suspect while in the custody of police officers is not prohibited either as a matter of common law or due process": *Lyons v. Oklahoma,* 322 U. S. 596, 601, 64 S. Ct. 1208, 88 L. Ed. 1481.

The record before us is not complete; nevertheless, it appears that Baerchus was arrested at about 3 o'clock on a Sunday morning and confessed to one charge of larceny at 9:30 or 10 o'clock the same morning. Appellee alleges that on Monday the prisoner confessed orally that he had committed the crimes for which he was later indicted; after the police verified details, he signed a written confession on Tuesday. At the same time he confessed orally to offenses committed in Luzerne County. He was arraigned on Wednesday, and after the hearing he made a written confession to Luzerne County police officers.

In the *Watts, Turner* and *Harris* cases, supra, the Supreme Court of the United States discussed at length the relation, in law, of prolonged detention and interrogation of prisoners to coercion. In his separate opinion concurring in the result in *Watts v. Indiana,* supra, and dissenting in *Turner v. Pennsylvania,* supra, and *Harris v. South Carolina,* supra, Mr. Justice JACKSON said (pp. 60, 61 of 338 U. S.) : "In all such cases, along with other conditions criticized, the continuity and duration of the questioning is invoked and it is called an 'inquiry,' 'inquest' or 'inquisition,' depending mainly on the emotional state of the writer. But . . . if interrogation is permissible at all, there are sound reasons for prolonging it . . . Sometimes, as here, more than one crime is involved. The duration of an interrogation may well depend on the temperament, shrewd-

ness and cunning of the accused and the competence of the examiner. But, assuming a right to examine at all, the right must include what is made reasonably necessary by the facts of the particular case."

The facts before us do not present a picture of prolonged, intensive psychological and physical pressure resulting at last in a breakdown of resistance, such as the Supreme Court of the United States condemned in the *Watts, Turner,* and *Harris* cases, but rather a process of sequential verification of piecemeal admissions made by the prisoner over a period beginning shortly after his arrest. At his trial the detectives who received his confessions testified that they were given freely and voluntarily. We assume that the jury weighed their testimony in reaching its verdict. In *Commonwealth ex rel. Master v. Baldi,* supra, we said (p. 419): ". . . we do not weigh conflicting evidence, but we determine whether the order appealed from is supported by any evidence . . ."

The comment of President Judge RHODES in that case is apropos here (p. 428): "Relator's confession was not obtained under circumstances which lead inescapably to the conclusion that it was involuntary, and that its use at the trial was in violation of due process. Relator was not deprived of any constitutional right which would justify or warrant his discharge on habeas corpus."

Order affirmed.