# Commonwealth ex rel. Gaito, Appellant, *v.* Claudy.

Argued November 10, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*D. W. MacDonald Jr.,* for appellant.

*John I. Munson,* Assistant District Attorney, with him *Fred L. Brothers,* District Attorney, for appellee.

PER CURIAM, January 20, 1953:

This is relator's second petition for writ of habeas corpus in the Court of Common Pleas of Fayette County. The first petition was dismissed on August 9, 1951. No appeal was taken from that order.[1]

The second petition was dismissed on February 13, 1952, as it presented no substantial issue of fact or law not raised, considered, and decided in the former proceeding. Relator has appealed from this order of dismissal.

---

[1] Relator states in his brief: "The reason for filing the second petition for a writ of habeas corpus, was that your relator was trying to secure some concrete evidence, and the time allowed for an appeal ran out." The Act of May 19, 1897, P. L. 67, §4, as amended, 12 PS §1136, provides that no appeal shall be allowed in any case from an order of any court of common pleas unless taken within three calendar months from the entry of the order appealed from.

We agree with the court below that relator's second petition contains no material or relevant issues not disposed of or decided in the previous proceeding in the Court of Common Pleas of Fayette County. The only additional averment was that one of the indictments to which relator pleaded guilty varied from the information. If this were a fact, it would not be reviewed on habeas corpus.

In his opinion dismissing relator's first petition, President Judge CARR of the Court of Common Pleas of Fayette County reviewed the facts and disposed of relator's contentions:

"Frank Gaito, a prisoner in the Western Penitentiary who on February 13, 1951, after pleading guilty to two indictments, one for aggravated assault and battery and the other for assault with intent to kill, was sentenced by us to that institution for an indeterminate period of not less than three and one-half nor more than ten years, now applies to us by mail for a writ of habeas corpus, averring that his 'alleged attorney made the plea before the court without the power of attorney in writing'; that at the time he was 'suffering from narcotics and physically and mentally unable to defend himself in court or to understand what was transpiring at the bar of justice'; that his attorney had refused to enter a plea of temporary insanity in his behalf or otherwise defend him on either of the charges; and that he was never served with copies of the indictments or informed of the nature of the charges against him.

"The record discloses that at the time of sentence the relator was twenty-two years of age and was represented by counsel retained by him several months before. He had a long criminal and institutional record, and was even then on parole from the Pennsylvania Industrial School at Camp Hill, having been released

on August 17, 1950. It was only a little more than two months after his release from the school that he committed the offenses for which he was sentenced. On October 27, 1950, he had made an assault upon a young woman at Masontown by pointing a loaded revolver at her and severely burning her arm with a heated knife. The next day the police found him hiding in a crowded moving picture theatre. Upon being discovered he opened fire upon them and continued shooting until cornered. On November 3, 1950, he was given a hearing before a magistrate and committed to jail in default of bail. On December 6, 1950, he was indicted and the cases set for trial the week following. His counsel then moved for a continuance, which was granted, and on January 25, 1951, he signed with his own hand a plea of guilty on the face of each indictment. As he stood at the bar for sentence, the charges were rehearsed once more and his counsel made an appeal to the court for leniency on the ground that he had been smoking marajuana cigarettes. Asked what he had to say for himself, he replied: 'I am very sorry it all happened. I would have never did it if my mind was clear, and I am sorry I did it.' . . . If, as the relator claims, he had been under the influence of marajuana when he made the assaults, he could not have remained in that condition to the day of sentence more than four months later, during all of which time he was confined in jail. Nor does temporary insanity voluntarily induced render anyone exempt from criminal responsibility. The relator's other contentions are all so obviously devoid of merit as to require no comment."

If relator felt that he had any reason to be aggrieved by the dismissal of his first petition for writ of habeas corpus, his remedy was to appeal from that order, and not file a new petition raising the same matters in the same court. A second petition for writ of

habeas corpus cannot be employed as a device to secure subsequent appellate review of adjudicated matters from which a timely appeal could have been taken. *Com. ex rel. Allen v. Claudy,* 170 Pa. Superior Ct. 499, 507, 87 A. 2d 74.

Appeal is dismissed.