Commonwealth ex rel. Young, Appellant, *v.* Day.

Argued November 21, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Daniel Young*, appellant, in propria persona, submitted a brief.

*Joseph S. Lilienthal*, Assistant District Attorney, with him *Robert M. Harris*, District Attorney, for appellee.

OPINION BY WOODSIDE, J., January 17, 1956:

This is an appeal from the refusal of the Court of Common Pleas of Schuylkill County to grant a writ of habeas corpus to the relator, a prisoner at the State Penitentiary at Graterford.

The relator questions the power of the sentencing judge to revoke a sentence and impose another which increases the penalty, even though done within the same term of court.

The petition was properly dismissed as repetitious of a previous petition which had been refused and from which no appeal was taken. Furthermore it is without merit.

President Judge PALMER sentenced relator on a number of charges of burglary and larceny only two of which are involved in this case.

January 11, 1952 he sentenced relator in No. 100 January Term, 1952 to imprisonment in the *Schuylkill County Prison* for a term of five to ten years to be computed from the date of commitment, and in No. 101 January Term, 1952 to imprisonment in the *Schuylkill County Prison* for a term of five to ten years *to run concurrent with the sentence in No. 100 January Term.*

February 25, 1952, before the expiration of the term of court in which the above sentences were imposed, Judge PALMER called the relator before him; revoked the aforesaid sentences; and, in No. 100 January Term sentenced him to a five to ten year term in the *Eastern State Penitentiary* to be computed from the date of commitment, and in No. 101 January Term sentenced him to a five to ten year term in the *Eastern State Penitentiary to begin at the expiration of sentence in No. 100 January Term.*

The general rule is that after the expiration of the term of court at which the defendant was first sentenced a court has no authority to alter the sentence either by increasing or reducing the punishment imposed.[1] The relator has cited the following cases which support this rule: *Com. ex rel. Micholetti v. Ashe,* 359 Pa. 542, 59 A. 2d 891 (1948) ; *Moskowitz's Registration Case,* 329 Pa. 183, 196 A. 498 (1938) ; *Com. ex rel.*

[1] For a review of the exceptions to the general rule and its application to different situations see *Com. v. Downer,* 161 Pa. Superior Ct. 339, 53 A. 2d 897 (1947).

*Nagle v. Smith,* 154 Pa. Superior Ct. 392, 36 A. 2d 175 (1944) ; *Com. ex rel. Billman v. Burke,* 362 Pa. 319, 66 A. 2d 251 (1949). None of these cases involves altering a sentence during the same term of court.

But in the case before us the sentence was altered during the same term of court. The court had the power to change its sentences any time during the same term of court, even if the change resulted in an increased penalty. *Com. ex rel. Schuch v. Burke,* 174 Pa. Superior Ct. 137, 100 A. 2d 122 (1953) ; *Com. ex rel. Berry v. Tees,* 177 Pa. Superior Ct. 126, 110 A. 2d 794 (1955).

In 1953 the petitioner sought a writ of habeas corpus raising, inter alia, this same contention. He was given a hearing at which he was represented by counsel, who did not press the point here raised because he recognized the legal right of the court to do what it did. The court refused the writ. No appeal was taken. A petition for a writ of habeas corpus which is repetitious of a previous petition should be dismissed, for a second petition cannot be employed as a device to secure subsequent appellate review of adjudicated matters from which a timely appeal could have been taken. *Com. ex rel. Baerchus v. Burke,* 172 Pa. Superior Ct. 400, 403, 94 A. 2d 87 (1953) ; *Com. ex rel. Gaito v. Claudy,* 172 Pa. Superior Ct. 236, 93 A. 2d 870 (1953) ; *Com. ex rel. Allen v. Claudy,* 170 Pa. Superior Ct. 499, 87 A. 2d 74 (1952).

Order affirmed.