Commonwealth ex rel. Hendrickson, Appellant, *v.* Hendrick.

Submitted March 21, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Robert Hendrickson*, appellant, in propria persona.

*Vincent G. Panati*, First Assistant District Attorney, *Victor Wright* and *Christopher F. Edley*, Assistant District Attorneys, *Victor H. Blanc*, District Attorney, and *James N. Lafferty*, Deputy District Attorney, for appellee.

OPINION PER CURIAM, April 11, 1956:

The Court of Common Pleas No. 4 of Philadelphia County dismissed relator's petition for a writ of habeas corpus. Relator appealed from the order entered August 12, 1955, after hearing at which no testimony was taken.

Relator had been convicted on July 22, 1952, on charges of burglary and larceny, and sentenced to the Philadelphia County Prison for not less than three years nor more than fifteen years (No. 1678, June Ses-

sions, 1952, in the Court of Quarter Sessions of Philadelphia County).[1]

The present petition for writ of habeas corpus averred that relator was convicted in violation of the Fourteenth Amendment, apparently because the arresting officer did not appear and testify at the trial; and that he was convicted on perjured testimony, his testimony being a denial of the testimony of other witnesses.

The court below, in an opinion by Judge HAGAN, in dismissing relator's petition, said in part: "These arguments are the type which our appellate courts have repeatedly stated should have been raised by a motion for new trial and not by habeas corpus: Commonwealth ex rel. Howard v. Claudy, 175 Pa. Superior Ct. 1; Commonwealth ex rel. Fox v. Tees, 175 Pa. Superior Ct. 453; and Commonwealth ex rel. Scasserra v. Keenan, 175 Pa. Superior Ct. 636. . . . An examination of the history of this case reveals the following post-trial proceedings: 1. Petition for writ of habeas corpus, C. P. No. 7, September Term, 1952, No. 1996. Denied by Judge CARROLL on October 24, 1952. 2. Petition for writ of coram nobis. Denied by Judge REIMEL on January 16, 1953. 3. Petition for writ of habeas corpus, C. P. No. 1, June Term, 1953, No. 1884. Denied by Judge MacNEILLE in an opinion filed on July 3, 1953. 4. Motion in arrest of judgment nunc pro tunc. Dis-

---

[1] On May 15, 1954, relator filed an appeal to the Superior Court from his conviction and sentence at No. 1678, June Sessions, 1952, in the Court of Quarter Sessions of Philadelphia County. On August 30, 1954, the appeal was quashed. See *Commonwealth of Pennsylvania v. Robert Hendrickson*, No. 242, October Term, 1954, in the Superior Court of Pennsylvania, Philadelphia District. Petition for allocatur was denied by the Supreme Court of Pennsylvania on November 2, 1954, and writ of certiorari was denied by the United States Supreme Court on January 31, 1955; rehearing was denied by the United States Supreme Court on February 28, 1955.

missed by Judge ALESSANDRONI on May 7, 1954. We have examined the record of these prior proceedings, and they reveal that the same questions here raised were before the court in the prior proceedings and were decided adversely to the relator. Relator appealed from none of these prior decisions."[2]

Referring to repetitious petitions, we stated in *Com. ex rel. Young v. Day*, 180 Pa. Superior Ct. 276, 279, 119 A. 2d 559, 561: "A petition for a writ of habeas corpus which is repetitious of a previous petition should be dismissed, for a second petition cannot be employed as a device to secure subsequent appellate review of adjudicated matters from which a timely appeal could have been taken. Com. ex rel. Baerchus v. Burke, 172 Pa. Superior Ct. 400, 403, 94 A. 2d 87 (1953); Com. ex rel. Gaito v. Claudy, 172 Pa. Superior Ct. 236, 93 A. 2d 870 (1953); Com. ex rel. Allen v. Claudy, 170 Pa. Superior Ct. 499, 87 A. 2d 74 (1952)."

Order of the court below is affirmed.

---

[2] Petition for writ of habeas corpus was filed by relator in United States District Court for the Eastern District at Miscellaneous Docket No. 1701, and dismissed June 6, 1955; review refused by the United States Supreme Court on February 1, 1956.