Commonwealth ex rel. Leon, Appellant, *v.*
Martin.

Submitted March 20, 1957. Before RHODES, P. J.,
HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WAT-
KINS, JJ.

*George Leon,* in propria persona.

*F. Emmett Fitzpatrick,* Assistant District Attorney,
with him *Thomas M. Reed,* Assistant District Attor-

ney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY GUNTHER, J., June 11, 1957:

This is an appeal from the Order of the Court of Common Pleas of Philadelphia County dismissing a petition for a Writ of Habeas Corpus.

On December 27 and 29, 1950, the relator, George Leon, was tried and convicted on three counts of armed robbery. Two of the armed robberies occurred between the end of January and the middle of April, 1946. The relator was arrested and indicted in June of 1946. After relator's arrest, the court appointed a commission in lunacy to examine him, and on June 19, 1946, he was reported by the commission to be insane and was subsequently committed to Farview State Hospital for the criminal insane. On December 8, 1950, on petition of the doctors of that hospital, he was declared to be sane and shortly thereafter released to stand trial on the above charges.

The jury trial was conducted before the Honorable CURTIS W. BOK, who, in a comprehensive charge, fairly submitted to the jury the question whether or not the defendant was sane or insane at the time the robberies were committed. Relator, at that time, testified that he had just been released from Farview and that he remembered nothing. The Commonwealth introduced into evidence the report of the commission which found him insane as well as the affidavit of the Superintendent of Farview and the decree of the court discharging relator from Farview because he had recovered from his mental illness. After trial, relator was sentenced to the Eastern State Penitentiary for an indefinite term of not less than five nor more than fifteen years, effective as of May 11, 1956, thus giving him

credit for the time spent at Farview. On May 31, 1951, the relator was paroled; however, he was returned to the Eastern State Penitentiary on November 30, 1955, following his conviction of a crime committed in the State of Connecticut while he was on parole.

In his petition, relator complained that certain of the Commonwealth witnesses committed perjury in testifying against him; that he was not the person who committed the robberies; that his court appointed counsel did not adequately defend him and was denied the right to subpoena witnesses; and that he was being used as a guinea pig by certain officials to test the validity of the rule of court requiring petitions to be typewritten. It is sufficient to say, in connection with these allegations, that none of them were substantiated. The evidence produced at the hearing amply discredits the allegations of the relator.

On this appeal, relator challenges the jurisdiction of the court to sentence him for crimes committed when he was allegedly insane. It is only necessary to point out in connection with this allegation that insanity, like any other defense, is a matter that is to be passed upon by a jury. This issue was fairly presented to the jury and it found against his contention. Without having taken an appeal from his conviction, he now desires another tribunal to again determine whether he knew right from wrong when the crimes were committed. Insanity, even in a first degree murder case, is an affirmative defense which the defendant must establish by a fair preponderance of the evidence. *Commonwealth v. Iacobino,* 319 Pa. 65, 178 A. 823. We have held that evidence of insanity at one time does not establish insanity at some prior time and, on this ground, the petition for writ of habeas corpus was properly dismissed. *Commonwealth ex rel. Hudson v. Burke,* 175 Pa. Superior Ct. 241, 103 A. 2d 279.

The only other contention requiring comment is to the effect that he was denied his constitutional right when he was deprived of sufficient time to subpoena witnesses and the records of his insanity at the time of trial. Trial counsel was voluntary defender of Philadelphia County at the time. He testified that at the time of trial he had no private practice and that his entire practice was then devoted to representing defendants who could not afford private counsel. He further testified that the voluntary defender's office had a complete staff of investigators to investigate any matters brought to their attention and that the only person requested by relator was his uncle in Massachusetts to come down and testify in mitigation of his sentence. This request was complied with and the uncle was down for that purpose. The mere fact that defense counsel did not try the case in the manner in which relator now thinks it should have been tried is no ground for the issuance of a writ of habeas corpus. *Commonwealth ex rel. Comer v. Maroney,* 178 Pa. Superior Ct. 633, 116 A. 2d 301; *Commonwealth ex rel. Jackson v. Day,* 179 Pa. Superior Ct. 566, 118 A. 2d 289; *Commonwealth ex rel. Dion v. Tees,* 180 Pa. Superior Ct. 82, 118 A. 2d 756.

The order of the court below is affirmed.