Commonwealth ex rel. Huber, Appellant, *v.* Myers.

554

Submitted September 12, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*John F. Huber,* appellant, in propria persona.

*William C. Storb,* District Attorney, and *Richard M. Martin,* Assistant District Attorney, for appellee.

OPINION PER CURIAM, November 14, 1958:

This is an appeal from the order of the Honorable JOSEPH B. WISSLER, President Judge of the Court of Common Pleas of Lancaster County, dismissing a petition for a writ of habeas corpus, without granting a rule for a hearing or for oral or written argument, for the reason that the same questions were raised in this petition as had previously been raised in a former petition by the same relator. In the former matter, after the granting of a rule and after hearing thereon on October 17, 1957, at which hearing the relator was present, the court below, on March 21, 1958, after hearing argument, dismissed the petition and discharged the rule. No appeal was taken therefrom.

While habeas corpus proceedings are free from the res judicata principle, a prior refusal to discharge the prisoner is not without bearing or weight when a later habeas corpus application raising the same issues is considered: *Com. ex rel. Baerchus v. Burke,* 172 Pa. Superior Ct. 400, 402, 94 A. 2d 87.

This Court has held repeatedly that a petition for a writ of habeas corpus which is repetitious of previous petitions should be dismissed: *Com. ex rel. Lewis v. Ashe,* 142 Pa. Superior Ct. 357, 16 A. 2d 433; *Com. ex rel. Gibbs v. Claudy,* 170 Pa. Superior Ct. 205, 85 A. 2d 621; *Com. ex rel. Allen v. Claudy,* 170 Pa. Superior Ct. 499, 87 A. 2d 74; *Com. ex rel. Campbell v. Claudy,* 171 Pa. Superior Ct. 282 (allocatur refused, ibid. xxiv), 89 A. 2d 895, (cert. denied by the Supreme Court of the United States); *Com. ex rel. Young v. Day,* 180 Pa. Superior Ct. 276, 279, 119 A. 2d 559.

While it is difficult to gather from the petition what the relator is complaining of, his principal complaint seems to be that after he voluntarily plead guilty to certain charges, he was handed a charge of blackmail. He hesitated to plead guilty to this charge. The district attorney then said: "Then go back and sit down and this will be tried in September." Relator then signed the plea of guilty. This was not coercion. We have examined all of the contentions of the relator and we are convinced that he voluntarily pleaded guilty to the charges with which he was confronted and that he suffered from no lack of due process.

Order affirmed.