## Commonwealth ex rel. Sharp, Appellant, *v.* Banmiller.

Argued September 9, 1958. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Paul N. Gardner,* for appellant.

*Charles L. Durham,* Assistant District Attorney, with him *Juanita Kidd Stout,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION PER CURIAM, November 14, 1958:

Petitioner, Jerome Sharp, has appealed from the denial, without hearing on the merits, of his repetitious petition for a writ of habeas corpus.

On September 28, 1944, petitioner pleaded guilty to bills of indictment charging burglary and receiving stolen goods. He was sentenced to a term of not less than five years and not more than ten years in the Eastern State Penitentiary. In the interim the minimum sentence was reduced and petitioner was paroled and twice recommitted as a parole violator because of subsequent convictions in the states of Illinois and Florida.

The present petition for writ of habeas corpus filed on January 23, 1958, in the Court of Common Pleas No. 1 of Philadelphia County, asserts that petitioner was denied due process of law because he was held incommunicado from May 12, 1944, to June 3, 1944, and was forced by "brutality, physical and psychological torture" to sign a false confession. The identical assertions were made in a previous petition for writ of habeas corpus which was dismissed October 9, 1954, by Judge SLOANE of the Court of Common Pleas No. 7 of Philadelphia County, after a full hearing on the merits, and from which dismissal no appeal was taken[1] by this relator.

The present petition was properly dismissed as repetitious of a prior petition upon which a hearing had been held, and from which disposition no appeal was taken. *Com. ex rel. Baerchus v. Burke*, 172 Pa. Superior Ct. 400, 403, 94 A. 2d 87; *Com. ex rel. Hendrickson v. Hendrick*, 181 Pa. Superior Ct. 45, 48, 122 A. 2d 88.

The order is affirmed.

---

[1] See per curiam opinion filed this day in *Com. ex rel. Huber v. Myers*, 187 Pa. Superior Ct. 553, 146 A. 2d 66.