## Commonwealth ex rel. Leon, Appellant, *v.* Banmiller.

Submitted September 12, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*George Leon,* appellant, in propria persona.

*Benjamin H. Renshaw, Jr.,* Assistant District Attorney, with him *Juanita Kidd Stout,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION PER CURIAM, November 14, 1958:

This is an appeal from an order of the Honorable THEODORE L. REIMEL, Judge of Common Pleas Court No. 6 of Philadelphia County, dismissing a petition for a writ of habeas corpus for the reason that the pe-

tition is repetitious of a previous petition filed by relator in Common Pleas Court No. 4 of Philadelphia County to June Term 1956, No. 4148, which was dismissed by OLIVER, P. J.[1]

We have examined the record in the present proceedings and find that relator raises two questions: (1) Insanity at the time when the crimes were committed; (2) Delay in bringing relator to trial. The first question has heretofore been disposed of by this Court in *Com. ex rel. Leon v. Martin*, 184 Pa. Superior Ct. 236, 132 A. 2d 774.[2]

In this last petition for a writ of habeas corpus relator has raised one new question. He now contends that he was not tried soon enough after the commission of his crimes although at the same time he contends that he should not have been tried because he was insane. Relator was arrested on May 11, 1946 and indicted for three robberies as of June Sessions, 1946, Nos. 7, 8 and 9. While awaiting trial a commission in lunacy was appointed on the petition of the superintendent of the county prison. This commission found relator insane. On June 25, 1946 relator was transferred to the Farview State Hospital for the criminal insane. On December 8, 1950 the relator was discharged from the Farview State Hospital upon an order signed by Judge FENERTY. This order was granted upon the prayer of the petition filed by John P. Shovlin, M.D., Superintendent of the Farview State Hospital. He

---

[1] See per curiam opinion filed this date in *Com. ex rel. Huber v. Myers*, 187 Pa. Superior Ct. 553, 146 A. 2d 66.

[2] Since the date of sentence on December 29, 1950 by Judge BOK after a verdict of guilty rendered by a jury on three robbery indictments, the relator has filed three petitions for writs of habeas corpus and one petition for a writ of error coram nobis. The controlling question raised in each petition was whether relator was sane at the time of the commission of the crimes.

was tried on December 29, 1950, within three weeks after his discharge from Farview State Hospital, before Judge BOK and a jury. On the same date, following his conviction, he was sentenced to a term of 5 to 15 years in the Eastern State Penitentiary, credit having been given for the period of time spent by relator in Farview State Hospital. On May 31, 1951 relator was paroled from the Eastern State Penitentiary. On November 30, 1955, following his conviction of a crime committed in Connecticut while still on parole, he was returned to the Eastern State Penitentiary for violation of his parole. His application for reparole has been refused.

The contention that relator was not speedily brought to trial is without substance because of the law in this Commonwealth that a prisoner may not be tried during a period of insanity. This law is for the protection of the insane person. He may not be tried until he is capable of presenting any defense which he may have. The failure to bring an insane person to trial during the period of his insanity does not violate any of his constitutional rights.

The Commonwealth's motion to quash the appeal has been dismissed without consideration because of the disposition we have made of this case upon the merits.

Order affirmed.

