Commonwealth ex rel. Smith, Appellant, *v.* Banmiller.

Submitted June 8, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*George F. Smith,* appellant, in propria persona.

*Charles L. Durham* and *Juanita Kidd Stout,* Assistant District Attorneys, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION PER CURIAM, September 16, 1959:

This is an appeal by relator from an order of the Court of Common Pleas No. 5 of Philadelphia County, dismissing a petition for writ of habeas corpus without a hearing on the merits. Judge REIMEL's order refusing the writ was dated November 28, 1958. Relator had been tried before a jury, and was found guilty on bills Nos. 768 to 771, February Sessions, 1953, charging rob-

bery and carrying concealed deadly weapons. He was represented by counsel. Sentence of not less than seven nor more than twenty years was imposed on bill No. 768; sentence on the other bills was suspended. Relator did not seek a new trial or take an appeal.

It appears from the records that appellant first filed a petition for a writ of habeas corpus in the Court of Common Pleas No. 4 of Philadelphia County at No. 189, December Term, 1957, seeking to set aside his conviction and sentence on bill No. 768, February Sessions, 1953, for the reasons that (1) the witnesses to the alleged offense were suppressed by the Commonwealth; (2) the record failed to show the elements of the alleged offense; (3) the indictment failed to set forth a proper date on which the alleged crime was committed; and (4) no information or warrant was ever issued for his arrest. Judge Bok, now Mr. Justice Bok, dismissed the petition without hearing. On appeal to this Court by relator we affirmed. *Com. ex rel. Smith v. Cavell,* 187 Pa. Superior Ct. 214, 144 A. 2d 505. In his present and second petition, filed November 13, 1958, relator averred (1) denial of a fair trial due to allowance of an amendment as to the date of the crime; (2) denial of his right to challenge the selection of jurors; (3) insufficiency of the evidence relating to identification; (4) clerical errors in the bill of indictment; and (5) failure of his counsel to require the Commonwealth to produce additional witnesses of the crime.

Judge Reimel properly dismissed the second petition, which in substance was repetitious of the first petition. A petition for a writ of habeas corpus which is repetitious of previous petitions should be dismissed. *Com. ex rel. Baerchus v. Burke,* 172 Pa. Superior Ct. 400, 403, 94 A. 2d 87.

The sufficiency of the evidence to sustain a conviction cannot be raised by habeas corpus, nor is the writ

available for the correction of trial errors. *Com. ex rel. Wilson v. Banmiller*, 393 Pa. 530, 532, 143 A. 2d 657.

"The fact that a criminal, after conviction, is of the opinion that the trial was not properly or wisely conducted by his counsel, constitutes no ground for the issuance of a writ of habeas corpus unless counsel's conduct was so prejudicial as to deprive defendant of a fair trial or otherwise deprive him of due process." *Com. ex rel. Wilson v. Banmiller*, supra, 393 Pa. 530, 533, 143 A. 2d 657, 659.

As Judge REIMEL said in his opinion denying relator's last petition for writ of habeas corpus: "Relator was adequately represented by competent counsel in the selection of a jury and in the conduct of his defense. No element of unfairness is apparent."

Neither of appellant's petitions alleged facts showing lack of due process in his trial and conviction.

Order is affirmed.