## Commonwealth ex rel. Jacoby v. Keenan

*Louis Jacoby*, p. p., for relator.

*Edward C. Boyle*, District Attorney, for Commonwealth.

REED, P. J. (Orphans' Court, Thirty-sixth Judicial District, specially presiding), November 2, 1959.— Louis Jacoby, relator, has filed petition for allowance of a writ of habeas corpus. The relator, after trial before a jury, was convicted on the second count of an indictment at no. 25, November sessions, 1958, in the Court of Quarter Sessions of Allegheny County, charging corrupting the morals of a minor; on three counts of an indictment at no. 26, November sessions, 1958, charging violations of The Vehicle Code, and on the second and third counts of an indictment at no. 335, December Sessions, 1958, charging indecent assault and contributing to the delinquency of a minor, respectively.

Thereafter, he filed motions for a new trial in each case which was heard by a court en banc and the motions denied. On the indictment at no. 355, December sessions, 1958, he was sentenced to a term of im-

prisonment from one and one-half to three years in the Allegheny County Workhouse; at no. 25, November sessions, 1958, he was sentenced to a term of imprisonment of one and one-half to three years, effective on the expiration of the sentence at no. 355, December sessions, 1958, and at no. 26, November sessions, 1958, sentence was suspended by reason of the sentence at the other two numbers and terms.

The grounds alleged in the petition for the allowance of the writ of habeas corpus are as follows:

"1. Is it legal and lawful to arrest a person without a warrant?"

"2. Is it legal and lawful to beat a prisoner at time of arrest?"

"3. Is it legal and lawful to beat and beat a prisoner to try for a guilty plea?"

"4. Is it legal and lawful to hold a hearing without defendant chosen attorney at law?"

"5. Is it legal and lawful not to read and explain a charge to a prisoner?"

"6. Is it legal and lawful not to have a formal indictment at time of hearing before moral court sancuied [sic] by District Attorney?"

"7. Is it legal and lawful not to explain an indictment to a defendant?"

"8. Is it legal and lawful not to protect a defendant's constitutional rights?"

"9. Is it legal and lawful not to give a defendant his constitutional rights?"

On September 29, 1959, petition for writ was ordered filed and a rule granted on L. P. Keenan, Superintendent of the Allegheny County Workhouse, and on the District Attorney of Allegheny County to show cause why the writ should not issue and thereafter an answer was filed by the District Attorney of Alle-

gheny County praying that the rule be discharged and the petition be dismissed.

An examination of the record indicates that defendant (relator), a confirmed criminal, with a long record of prior convictions, was given a fair trial and was ably represented by Leonard L. Martino, Esq., of the Allegheny County bar, associated with the Legal Aid Society of Allegheny County.

The reasons contended for by relator could properly be assigned as the basis for a new trial, or an appeal, but they cannot be raised on petition for discharge on a writ of habeas corpus. A writ of habeas corpus is not a substitute for a motion for a new trial or for an appeal or for a writ of error: Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124, 126; Commonwealth ex rel. Cambron v. Burke, 172 Pa. Superior Ct. 26; Commonwealth ex rel. Fox v. Tees, 175 Pa. Superior Ct. 453; Commonwealth ex rel. Smith v. Banmiller, 190 Pa. Superior Ct. 326. See also Commonwealth ex rel. Spencer v. Ashe, 364 Pa. 442; Commonwealth ex rel. Burge v. Ashe, 168 Pa. Superior Ct. 271; Commonwealth ex rel. Burkley v. Maroney, 178 Pa. Superior Ct. 193, and Commonwealth ex rel. Hullig v. Ashe, 145 Pa. Superior Ct. 11.

The petition and the record upon which it is based fail to make out a prima facie case for the allowance of the writ. A hearing thereon being unnecessary and the petition being without merit, the petition for the issuance of the writ of habeas corpus will be dismissed. See Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489, 494, and cases therein cited.

*Order*

Now, November 2, 1959, relator's petition for allowance of writ of habeas corpus is dismissed.