UNITED STATES of America ex rel. George LEON

v.

William J. BANMILLER, Warden, Eastern State Penitentiary.

Misc. No. 2101.

United States District Court
E. D. Pennsylvania.

Dec. 31, 1959.

Paul Gardner, Philadelphia, Pa., for George Leon (petitioner).

Victor H. Blanc, Dist. Atty., Philadelphia County, Charles L. Durham, Asst. Dist. Atty., Benjamin H. Renshaw, Jr., Asst. Dist. Atty., Philadelphia, Pa., for William J. Banmiller, Warden, etc. (respondent).

EGAN, District Judge.

George Leon, a prisoner at the Pennsylvania Eastern State Penitentiary, petitioned this Court for the issuance of a writ of habeas corpus. The District Attorney of Philadelphia County filed an answer. The matter was heard in open court on the petition, answer, and briefs and arguments of counsel for the respective parties.

On May 11, 1946, the petitioner was arrested for three offenses of armed robbery in Pennsylvania, two of which were committed between January and April, 1946.[1] In June 1946 a lunacy commission reported him to be insane and therefore unable to stand trial. He was committed to a state hospital for the criminal insane. Apparently there was no determination by the commission as to the petitioner's sanity or lack thereof at the time of the alleged offenses.

In December 1950, on petition of the doctors at the hospital, he was declared sane; that same month he was tried by a jury in the Quarter Sessions Court of Philadelphia. Leon pleaded not guilty by reason of insanity. In accordance with Pennsylvania law, the trial judge instructed the jury that insanity was an affirmative defense which must be estab-lished by the defendant by a preponderance of the evidence. The jury found the petitioner guilty as charged. The Judge sentenced him to a term of five to fifteen years in the Eastern State Penitentiary, effective May 11, 1946, thus giving him credit for the entire time he was in the State's custody. He was paroled in May 1951.

He was returned to the Penitentiary in November 1955 as a parole violator, following his conviction in Connecticut of armed robbery committed while he was on parole. He has been in the Penitentiary ever since. His maximum sentence will expire in November 1965. His application for parole has been refused.

In 1956 Leon petitioned Philadelphia Common Pleas Court No. 4 for a writ of habeas corpus. The petition was denied, and the denial was affirmed by the Pennsylvania Superior Court. Commonwealth ex rel. Leon v. Martin, 1957, 184 Pa. Super. 236, 132 A.2d 774.

A second habeas corpus petition was denied by Philadelphia Common Pleas Court No. 3 in October 1957. In February 1958, the Quarter Sessions Court denied Leon's petition for a writ of error *coram nobis*.

In all three petitions the controlling question raised was the sanity of the accused at the time of commission of the offenses.

In 1958 a third habeas corpus petition (which raised in addition to the issue of insanity the new question of undue delay in bringing the accused to trial) was denied by Phildelphia Common Pleas Court No. 6. Again the Superior Court affirmed. Commonwealth ex rel. Leon v. Banmiller, 1958, 187 Pa.Super. 558, 146 A.2d 69. The Pennsylvania Supreme Court denied a petition for allowance of an appeal from the Superior Court's determination. 188 Pa.Super. xxix (1959). Petition for writ of certiorari was denied by the United States Supreme Court. 1959, 359 U.S. 1004, 79 S.Ct. 1144, 3 L. Ed.2d 1033.

---

1. We have no further information before us as to when the offenses occurred.

Thus the petitioner has exhausted his remedies in the State Courts and now turns to the Federal Courts, claiming that he has been deprived of his liberty without due process of law, in violation of section 1 of the 14th Amendment to the United States Constitution.

The petitioner claims that he has been deprived of due process (1) by the 4½ years delay between his arrest and his trial, and (2) by the procedure of submitting the question of the accused's sanity at the time of the offenses charged to the same jury determining the accused's guilt or innocence.

 The 4½ year delay between arrest and trial resulted from the finding that the accused was insane and therefore unable to stand trial. Certainly the Commonwealth could not legally have tried him while he was not sane. In spite of this, was the effect of the delay such as to cause substantial prejudice to the accused's right to a fair trial in December 1950? We cannot so find.

The United States Court of Appeals for the District of Columbia Circuit has had occasion to consider the effect on an accused's right to a speedy trial of a seven year delay caused by his mental incompetence. Williams v. United States, 1957, 102 U.S.App.D.C. 51, 250 F.2d 19.[2] In this case, the accused, in spite of his insanity plea, was convicted in May 1956, of assault with a deadly weapon, on an indictment returned in November 1949 for a shooting in September 1949.

The Court said (250 F.2d at pages 21, 23–24):

"To hold that delay occasioned by the accused's mental incompetence to stand trial always requires dismissal of his indictment would be to ignore the 'rights of public justice.' On the other hand, to resume the prosecution of the accused after long delay may *in some circumstances* violate his rights beyond the requirements of public justice. To sustain its right to try the accused seven years after the crime, the Government must show * * * that the accused suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay. * * * [Emphasis supplied.]

* * * * * *

"When prosecution is delayed because of the accused's mental incapacity to stand trial, the difficulty of determining whether the accused was mentally responsible at the time of the crime is increased. Passage of time makes proof of any fact more difficult. When the fact at issue is as subtle as a mental state, the difficulty is immeasurably enhanced. * * *

"The preparation of the psychiatric evidence which is required to prove an individual's mental condition at some past date is a very difficult task. * * *"

The Court then discussed a lunacy proceeding instituted by the Government in June 1951. At the hearing, counsel for the accused asked the psychiatric witnesses for an opinion of the accused's mental condition at the time of the offense charged. The Government's objection that the lunacy inquest was designed solely to determine the accused's mental capacity to stand trial was sustained. The Court of Appeals discussed further the failure of the Government to make efforts to ascertain the mental condition of the accused at the time of the alleged offense and concluded that under the circumstances the accused had been denied a speedy trial. His conviction was reversed.

We have examined the pleadings, the briefs, and the transcript of the oral argument in the case before us and have found no showing of any special circumstances whereby the 4½ year delay has caused the accused serious prejudice beyond that ensuing from the mere fact of delay.

 We turn now to the petitioner's second contention, namely that his constitutional right to due process has been

2. Petition for rehearing in banc denied (1957).

violated by permitting the question of his sanity at the time of the alleged offenses to be determined by the jury determining his guilt or innocence.

We have examined numerous appellate cases concerning the issue of the accused's sanity at the time of commission of the offenses charged, but nowhere—in either majority or dissenting opinions—have we found any suggestion that the procedure of submitting to the jury the question of sanity at the time of the alleged offenses is improper.[3] Indeed, the United States Court of Appeals for the District of Columbia Circuit went so far as·to say in a footnote " * * * it needs no citation to establish that sanity as an issue in a jury case must be submitted to the jury." [4]

■ Perhaps a stronger argument, one not presented by the petitioner but discussed in the Commonwealth's brief, could be made that the Pennsylvania rule on burden of proof of insanity is violative of the petitioner's constitutional right to due process. In Pennsylvania and other States,[5] insanity at the time of the alleged offense is an affirmative defense which casts upon the defendant asserting it the burden of establishing his insanity by a fair preponderance of the evidence. Commonwealth v. Dale, 1919, 264 Pa. 362, 107 A. 743, 6 A.L.R. 1482.

■ In some States [6] and in the Federal criminal Courts,[7] the rule is that once some evidence of insanity is introduced, the prosecution has the burden of establishing the accused's sanity beyond a reasonable doubt.

While we might consider the latter rule better than the Pennsylvania rule, we are unable to say that the Pennsylvania rule casts such a burden upon an accused as to violate his rights under the 14th Amendment.[8]

### Order

And Now, this 31st day of December, 1959, the petition of the relator, George Leon, for a writ of habeas corpus directed to the respondent, William J. Banmiller, Warden of the Pennsylvania Eastern State Penitentiary, is denied.

3. Fielding v. United States, 1957, 102 U.S.App.D.C. 167, 251 F.2d 878; Williams v. United States, 1957, 102 U.S.App.D.C. 51, 250 F.2d 19; Wright v. United States, 1957, 102 U.S.App.D.C. 36, 250 F.2d 4; Lyles v. United States, 1957, 103 U.S.App.D.C. 22, 254 F.2d 725; Bradley v. United States, 1957, 102 U.S.App.D.C. 17, 249 F.2d 922; Stewart v. United States, 1957, 101 U.S.App.D.C. 51, 247 F.2d 42; Douglas v. United States, 1956, 99 U.S.App.D.C. 232, 239 F.2d 52; Kelley v. United States, 1956, 99 U.S.App.D.C. 13, 236 F.2d 746; Howard v. United States, 5 Cir., 1956, 232 F.2d 274; Durham v. United States, 1956, 99 U.S.App.D.C. 132, 237 F.2d 760; Taylor v. United States, 1955, 95 U.S.App.D.C. 373, 222 F.2d 398; Stewart v. United States, 1954, 94 U.S.App.D.C. 293, 214 F.2d 879; Durham v. United States, 1954, 94 U.S.App.D.C. 228, 214 F.2d 862.

4. Bishop v. United States, 1955, 96 U.S.App.D.C. 117, 223 F.2d 582, 586, remanded on other grounds, 1956, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835.

5. E. g., People v. Daugherty, 1953, 40 Cal. 2d 876, 256 P.2d 911; State v. Lynch, 1943, 130 N.J.L. 253, 32 A.2d 183; State v. Murphy, 1936, 338 Mo. 291, 90 S.W.2d 103. See 9 Wigmore on Evidence, § 2501.

6. E. g., Williams v. State, 1949, 205 Miss. 515, 39 So.2d 3; Thompson v. State, 1955, 159 Neb. 685, 68 N.W.2d 267. See Wigmore on Evidence, § 2501.

7. Davis v. United States, 1895, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499; Tatum v. United States, 1951, 88 U.S.App.D.C. 386, 190 F.2d 612.

8. Leland v. State of Oregon, 1952, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302, where State statute requiring the defendant to prove his insanity beyond a reasonable doubt was upheld.