# Commonwealth ex rel. Nowakowski v. Maroney

*Edward J. Nowakowski*, pp., for petitioner.

*Herbert J. Johnson, Jr.*, District Attorney, for respondent.

ROBERTS, P. J. (Specially Presiding), April 30, 1960. —Petitioner on September 12, 1957, was found guilty by a jury of burglary and larceny. He was sentenced to a term of from three to five years. This is his third petition for a writ of habeas corpus. His previous petitions were dismissed on April 1, 1959, and August 21, 1959. The relator again contends, as in his previous petitions, that he was denied due process of law because: (1) "He was convicted on perjured testimony" on the part of one of the six Commonwealth witnesses called, and (2) another Commonwealth witness "talked with the jury at petitioner's trial" or "was permitted to converse with the jury during the course of the trial." He also complains of other errors alleged to have occurred during his trial.

A review of the record clearly indicates that all of these contentions are without merit. "A writ of habeas

corpus is not a substitute for an appeal, or for a writ of error, or for a motion for a new trial, or for the correction of trial errors": Commonwealth ex rel. Murray v. Keenan, 186 Pa. Superior Ct. 107, 109.

The prisoner now also complains that his court-appointed counsel did not properly conduct his defense. This contention is unsupported by the record and is without merit. An examination of the record indicates clearly that he was adequately and competently represented by alert counsel throughout the entire trial. The record fails to disclose any denial or infringement of petitioner's rights. The language of the Superior Court in Commonwealth ex rel. Smith v. Banmiller, 190 Pa. Superior Ct. 326, 329, quoting from an earlier Supreme Court opinion, Commonwealth ex rel. Wilson v. Banmiller, 393 Pa. 530, 533, is applicable and controlling here. "The fact that a criminal, after conviction, is of the opinion that the trial was not properly or wisely conducted by his counsel, constitutes no ground for the issuance of a writ of habeas corpus unless counsel's conduct was so prejudicial as to deprive defendant of a fair trial or otherwise deprive him of due process."

Our review of the record satisfies us again that petitioner had a fair and impartial trial upon the merits, that he was properly represented by competent counsel during all phases of the trial and that the jury returned a proper verdict. The prayer of the petition will, therefore, be denied and the petition dismissed.

### Decree

And now, to wit, April 30, 1960, the within petition and the record upon which it is based, failing to show any ground whatsoever justifying the issuance of a writ of habeas corpus or a rule to show cause thereon, the prayer of the petition is refused and the petition dismissed. The prothonotary is directed to file the

petition without costs to petitioner and to forward a copy of this order to him.