## Commonwealth ex rel. Cochran v. Kruger

*David D. Cochran*, p. p., for relator.

*Patrick F. Casey*, Assistant District Attorney, *Arlen Specter*, Assistant District Attorney, *Paul M. Chalfin*, First Assistant District Attorney, for Commonwealth.

GUERIN, J., March 14, 1961.—Petitioner sought a writ of habeas corpus. A rule to show cause why his petition should not be granted was allowed, answers were filed by the Superintendent Philadelphia Prisons and the District Attorney of Philadelphia County. Upon hearing, the petition was dismissed and the rule to show cause discharged.

On May 10, 1960, after trial duly conducted, and at which relator was represented by counsel, petitioner was adjudged guilty of receiving stolen goods on bill no. 951, January term, 1960, and sentenced to a term of from 18 months to three years in the Philadelphia County Prison. Thereafter petitioner filed a petition for a writ of habeas corpus in Court of Common Pleas No. 1, September term, 1960, raising therein the same legal issues and presenting the same legal arguments as are contained in the petition now before us. In dis-

posing of the above matter, Judge Earl Chudoff entered the following order: "Rule Discharged; Petition Dismissed." No appeal was taken.

It is well established that "A petition for a writ of habeas corpus which is repetitious of a previous petition should be dismissed, for a second petition cannot be employed as a device to secure subsequent appellate review of adjudicated matters from which a timely appeal could have been taken." [Cases cited]: Commonwealth ex rel. Young v. Day, 180 Pa. Superior Ct. 276, 279. See also Commonwealth ex rel. Huber v. Myers, 187 Pa. Superior Ct. 553, 555.

In order to satisfy ourselves that relief has not been denied petitioner on purely procedural grounds, we have studied the record applicable to both this and the earlier habeas corpus proceeding and are convinced that this petition is without merit. The main argument advanced by relator is that the district attorney failed to call certain witnesses who were present in court, and whose testimony, if given, would have been favorable to him. It is to be noted first, that relator was represented by competent counsel, as the record will show; secondly, the duty if any, to call said alleged witnesses was not upon the District Attorney, but rather upon relator and his counsel. See Commonwealth ex rel. Corbin v. Banmiller, 391 Pa. 265, 270-71. Further, the cases are legion that a writ of habeas corpus is not a substitute for an appeal or for a writ of error or for a motion for a new trial or for the correction of trial errors. See Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489, 493.

For the above reasons the petition was dismissed and the rule to show cause discharged.