Commonwealth ex rel. Hamilton, Appellant, *v.* Cavell.

Submitted November 14, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Clarence Hamilton,* appellant, in propria persona.

*Robert T. Grannis,* District Attorney, for appellee.

OPINION BY HIRT, J., December 9, 1958:

Fully five years after his conviction and sentence on a charge of burglary, relator petitioned for his discharge on habeas corpus, from the Western State Penitentiary. He was represented by counsel both at the trial and at the time of sentence.

Contrary to his contention, he was not denied a speedy trial in violation of a constitutional right. On his arrest relator was committed to the Venango County jail on February 1, 1952 and was released on bail about three months later. Two witnesses who then were serving terms in the Allegheny County Workhouse were necessary Commonwealth witnesses. On petition of the district attorney a writ ad testificandum was awarded and they were produced and did testify, both before the November 1952 grand jury and at the trial beginning on November 20, 1952. Relator was found guilty of burglary on that date; and after his motions for a new trial and in arrest of judgment were refused, he was sentenced to a term of from 6 to 12 years to be computed from November 14, 1952. Relator's trial, within ten months from the date of his arrest (which included the period of the summer recess of the trial court) clearly fulfilled the constitutional guarantee of a speedy trial and relator may not complain on that score.

So also there is no merit in relator's second contention, as ground for his release, that his conviction was induced by perjured testimony. We have frequently said that habeas corpus in a criminal proceeding cannot be made a substitute for appeal. The question of the sufficiency of the proofs was decided in the lower court by the refusal of relator's motions for a new trial and in arrest of judgment. This adjudication from which a timely appeal could have been taken, is not subject to appellate review. *Com. ex rel. Hendrickson v. Hendrick*, 181 Pa. Superior Ct. 45, 122 A. 2d 88.

Order affirmed.