**UNITED STATES of America ex rel. Clarence HAMILTON**

v.

**James MARONEY, Warden, Western Penitentiary.**

Civ. No. 60–189.

United States District Court W. D. Pennsylvania.

June 3, 1960.

W. Walter Braham, Jr., Pittsburgh, Pa., for plaintiff.

Robert T. Grannis, Dist. Atty., Venango County, Franklin, Pa., for defendant.

MARSH, District Judge.

Relator, Clarence Hamilton, serving a sentence from 6 to 12 years imposed by the Criminal Court of Venango County, Pennsylvania, seeks a writ of habeas

corpus alleging that the District Attorney of Venango County, Pennsylvania, (1) denied to him the right to a speedy trial as guaranteed by the Federal and State Constitutions and (2) that the said District Attorney knowingly procured and used perjured testimony at his jury trial on November 20, 1952 resulting in his conviction. The Commonwealth denied these averments.

Counsel was appointed for relator and a rule to show cause was issued. Being of the opinion that relator had exhausted his state remedies (an issue not contested by the Commonwealth), and that the petition and answer raised issues of fact, a hearing was ordered, and a writ granted for the production of relator, and subpoenas were issued for his witnesses.

From the record of prior proceedings produced by the Commonwealth, it appears that in addition to motions in arrest of judgment, for a new trial, and reduction of sentence, all of which were refused, relator presented five petitions for a writ of habeas corpus to the Common Pleas Court of Venango County, all of which were denied without a hearing, and one petition for a writ to this court (Civil Action No. 12368) in 1954, which was denied because of failure to exhaust state remedies.

In his last application for the writ in the State Court, relator for the first time accused the District Attorney of knowingly using perjured testimony at the trial;[1] he also reasserted that the District Attorney willfully, deliberately and unlawfully denied him a speedy trial. The State Judge denied the application *without a hearing*, being of the opinion, inter alia, that the prosecutor's alleged knowing use of perjured testimony " * * * might very properly be a reason for granting a new trial, but can not be the basis for the issuance of a writ of habeas corpus."

On appeal to the Superior Court of Pennsylvania, the lower court's order refusing the writ was affirmed.[2] Commonwealth ex rel. Hamilton v. Cavell, 1958, 188 Pa.Super. 161, 146 A.2d 373.

Since it appeared from the petition in this court that relator first learned of the alleged knowing use of perjured testimony long after the trial, i. e., in a letter from Eugene Turner, the principal Commonwealth witness, dated December 6, 1953, in our opinion, relator was entitled to a hearing in some court on the issue of fact thus created, Commonwealth ex rel. Butler v. Claudy, 1952, 171 Pa.Super. 573, 91 A.2d 318. If the allegation were proved, relator would be entitled to a writ of habeas corpus, for the knowing and intentional use of perjured testimony is a denial of due process of law. Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791. "Of course, false evidence may not knowingly be used nor may such evidence be permitted to go uncorrected in order to obtain a conviction." United States ex rel. Helwig v. Maroney, 3 Cir., 1959, 271 F.2d 329, 332; Napue v. People of State of Illinois, 1959, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217. "But the burden *is* upon the appellant [relator] to prove such perjury and that it was knowingly and intentionally used by the prosecution." United States ex rel. Helwig v. Maroney, supra, 271 F.2d at page 332.

At the hearing relator failed to prove by any credible evidence that the testimony of Turner given at the trial was perjured, but even if he had, from the evidence and the trial record, we find as a fact that it was not knowingly used, solicited, instigated or procured by the District Attorney or any other prosecuting officer.

In addition there was no proof whatsoever that the District Attorney

---

1. In his petition at No. 46 November Term 1955, relator obliquely averred that " * * * the Commonwealth intimidated Eugene Turner with threats * * * if he did not change his testimony, so as to implicate the defendant." A corroborative letter of December 6, 1953

allegedly from Turner (Exhibit 1) was not mentioned. No hearing was held.

2. Relator was refused the right to appeal to the Supreme Court of Pennsylvania without prepayment of the required filing fee, No. 2238 Miscellaneous Docket.

willfully, deliberately and unlawfully denied to relator a speedy trial. Arrested on January 16, 1952, he was admitted to bail on May 19, 1952 and tried on November 20, 1952. Relator alleged and it is admitted that two terms of criminal court, i. e., April and August Term, 1952, were cancelled, but it does not appear that the District Attorney had anything to do with the cancellations nor does it appear that he recommended them.

Relator points to Pennsylvania Constitution Art. I, § 9, P.S., providing for a speedy trial; to the Act of April 14, 1834 P.L. 333, § 58, 17 Pa.Purdon's Stat.Ann. § 371, requiring four criminal terms to be held annually in the Court of Oyer & Terminer; and the "two term rule" found in the Act of March 31, 1860, P.L. 427, § 54, 19 Pa.Purdon's Stat.Ann. § 781. But under the law of Pennsylvania in the light of the facts of this very case, i. e., in relator's appeal to the Pennsylvania Superior Court, Commonwealth ex rel. Hamilton v. Cavell, supra, 146 A.2d at page 373, it was decided that his trial held approximately ten months from the date of his arrest " * * * clearly fulfilled the constitutional guarantee of a speedy trial * * *." Commonwealth ex rel. Gist v. Banmiller, 1960, 398 Pa. 162, 157 A.2d 166.

No substantial evidence was produced by relator nor are there any facts found in the record of the state proceedings which tend to show that the ten-month delay prejudiced relator in the conduct of his defense at the trial. During that period he had the successive services of three lawyers, the last appointed by the court, and no suggestion of prejudice on account of the delay was made on relator's behalf. Indeed, the relator himself requested and was granted a short delay in order to enable him to prepare for trial and subpoena his witnesses.

Thus we conclude that there was no failure to accord to relator due process of law in violation of the Fourteenth Amendment to the Federal Constitution solely because of the ten-month delay between arrest and trial.

The relator should be advised that "the District Court may not, on a petition for habeas corpus, usurp the function of the state jury by determining, de novo, the innocence or guilt of a prisoner convicted under state process." United States ex rel. Helwig v. Maroney, supra, 271 F.2d at page 332.

We take this opportunity to express our appreciation to W. Walter Braham, Esq. for his diligence and for the considerable expenditure of time and effort on behalf of relator pursuant to his appointment, and to District Attorney Grannis for his illuminating and time-saving brief.

An order denying the issuance of a writ of habeas corpus will be entered.