(No. 38093.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LUTHER C. WILLIAMS, Plaintiff in Error.

*Opinion filed May 20, 1964.—Rehearing denied September 25, 1964.*

ARTHUR M. LERNER, of Champaign, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and ROBERT J. WAALER, State's Attorney, of Urbana, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JACK WAALER, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Luther C. Williams was taken into custody by the sheriff of Champaign County for extradition to Ohio pursuant to a warrant issued by the Governor of Illinois. He filed a petition for a writ of *habeas corpus,* charging that the documents submitted to the Governor of Illinois by the Governor of Ohio did not meet the requirements of the Uniform Criminal Extradition Act. (Ill. Rev. Stat. 1963, chap. 60, par. 18 *et seq.*) After hearing evidence, the circuit court quashed the petition and Williams has brought the case to ths court for review. Ill. Const. Art. VI, sec. 5.

The arrest warrant of the Governor of Illinois was attached to the sheriff's return to the writ of *habeas corpus,* together with the following documents: (1) a certified copy of an indictment charging Williams with burglary in Ohio; (2) a certified copy of a judgment of conviction and sentence upon that indictment; (3) a copy of an affidavit of the chairman of the Ohio Pardon and Parole Commission, stating that Williams had broken the terms of his parole; (4) a copy of a request from the Ohio Pardon and Parole Commission to the Governor of Ohio asking him to request the extradition of Williams from Illinois; (5) a copy of a statement by the chief of the Ohio Bureau of Probation and Parole entitled "affidavit as to the purpose for which requisition is desired"; and (6) a document signed by the Governor of Ohio appointing agents to receive Williams from the Illinois authorities for return to Ohio.

No demand for extradition was included in the papers attached to the return to the writ, and those supporting papers that were attached were not authenticated by the Governor of Ohio. The Uniform Criminal Extradition Act requires a written demand by the Executive Authority of the demanding state, and requires also that the supporting papers be authenticated by that Executive Authority, before the Governor of Illinois can order extradition. Ill. Rev. Stat. 1963, chap. 60, par. 20.

But the fact that the return of the sheriff of Champaign County did not incorporate all of the necessary papers is not conclusive. The warrant of the Governor of Illinois, which was attached to the return, recites that the Governor of Ohio had demanded the arrest and delivery of the relator to Ohio, and that there had been laid before him documents certified as authentic and duly authenticated by the Governor of Ohio. The decision of this court in *Lacondra* v. *Hermann*, 343 Ill. 608, is thus exactly in point. In that case, the warrant of the Governor of Illinois, and other supporting papers, were attached to the return to the writ of *habeas corpus*. But as in the case before us, the supporting papers did not include any demand by the Governor of Michigan for the return of the fugitive, and did not contain any authentication by the Governor of Michigan. This court held that the recitals of the Governor's warrant showed "that there was a requisition or demand upon the Governor of this State by the Governor of Michigan for the arrest of appellant and that the complaint and warrant accompanying the requisition were certified by the Governor of Michigan as authentic. There is no showing in this case that these recitals are not true, and in the absence of such showing they must be deemed to state the truth." 343 Ill. at 613.

In his brief the State's Attorney asserts that all of the papers that were before the Governor of Illinois were introduced in evidence in the circuit court, but that the "introduction of the Ohio Governor's requisition request was not recorded by the clerk however, and therefore does not appear in the record." The relator argues that since all of the records which supported the warrant of the Governor of Illinois were before the trial court, there was nothing further that the relator was required to do, or could do, to disprove the *prima facie* case established by the warrant of the Governor of Illinois. This position is not tenable. If the record that is before this court is the record upon which the circuit court acted, it is sufficient under the *Lacondra*

case. If other documents that were before the Governor of Illinois were introduced in evidence but are not in the record before this court, the position of the relator is not thereby improved. As was said in *People ex rel. Flowers* v. *Gruenewald,* 390 Ill. 79, 84, "* * * the burden was on the relator to overcome the *prima facie* case made by the issuance of the Governor's warrant. If the indictment and other papers submitted to the Governor were insufficient to support the facts found by him, and as recited and set forth in the Governor's warrant, the burden was on the relator to make such showing. These papers were not in the possession or under the control of respondent. They were public records of the Governor's office, authenticated copies of which were admissible in evidence and were available to anyone. (Ill. Rev. Stat. 1943, chap. 124, par. 7.)"

Nothing in the record before us rebuts the *prima facie* case made by the warrant of the Governor of Illinois, and the judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*