**UNITED STATES of America ex rel. Clarence HAMILTON, Appellant,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**No. 15230.**

United States Court of Appeals Third Circuit.

Submitted April 5, 1965.

Resubmitted Oct. 22, 1965.

Decided Jan. 28, 1966.

Clarence Hamilton, pro se.

Harry Gent, Jr., Dist. Atty., Venango County, Franklin, Pa., for appellee.

Before KALODNER, Chief Judge, and BIGGS, McLAUGHLIN, STALEY, HASTIE, GANEY, SMITH and FREEDMAN, Circuit Judges.

PER CURIAM.

The petitioner-appellant, Clarence Hamilton, filed a petition, *pro se,* in the court below which was docketed and treated by that court as a "Petition for Habeas Corpus". The petition, however,

is entitled a "Petition for the Removal of Cause to the United States District Court in the Western District of Pennsylvania". In a paragraph of the petition Hamilton prays that the court below "will allow him to submit a petition for a writ of habeas corpus, bypassing the two (2) Appellate State Courts according to Title 28, U.S.C., 2254, and Fay v. Noia, 369 U.S. 869 [82 S.Ct. 1140, 8 L.Ed.2d 274]".

The petitioner for a long period of time has been seeking release from a sentence of imprisonment of six to twelve years imposed on him by the Court of Oyer and Terminer of Venango County for the crime of robbery and has filed at least nine petitions for habeas corpus in Pennsylvania state tribunals and in the court below.[1] The latest of these state court petitions or proceedings for habeas corpus brought by the petitioner, insofar as the record shows, is entitled, as are most of the others, Commonwealth ex rel. Hamilton v. Maroney and is designated as A.D. No. 73, November Term 1963, in the Court of Common Pleas of Venango County. As we read the petition filed by Hamilton in the court below, referred to in the first sentence of this opinion and now before us on appeal, the petitioner, Hamilton, seeks to have his proceedings for habeas corpus, entitled, as we have said, Commonwealth ex rel. Hamilton v. Maroney, designated as A.D. No. 73, November Term 1963, in the Court of Common Pleas of Venango County, removed from that Court to the court below, relief in the Court of Common Pleas of Venango County having been denied him by President Judge William E. Breene, following an opinion,[2] by an order dated August 19, 1964. No appeal was taken from Judge Breene's order by Hamilton because he asserts that the prothonotaries of the Superior and Supreme Courts of Pennsylvania refused to docket his appeals without prepayment of costs.[3]

The court below treated Hamilton's petition as an application for habeas corpus filed to it rather than as a petition for removal and denied the prayers of the petition. We think that the court below misconstrued the nature of the relief sought by the petitioner. While the petition is somewhat ambiguous, we point out that the petitioner by two letters, dated respectively December 16 and December 18, 1964, addressed to Chief Judge Wallace S. Gourley of the court below, insisted that his application was not one for an original writ of habeas corpus to that court but was a petition for the removal of the proceedings last described from the Court of Common Pleas of Venango County, Pennsylvania, to the court below.

In view of all of the foregoing, we read the petition as one for removal of the habeas corpus proceedings commenced and now terminated in the Court of Common Pleas of Venango County to the United States District Court for the Western District of Pennsylvania and hold that the petition should not be treated as one for a writ of habeas corpus as was done by the court below in its order of December 18, 1964, denying the writ. There is, of course, no basis in law for the removal of proceedings for habeas corpus from the Court of Common Pleas of Venango County to the United States District Court for the Western District of Pennsylvania and, in both substance and effect, have the sought-for removal serve as a review procedure to be determined by the latter court in lieu of the Pennsylvania appellate tribunals.

The order of the court below will be vacated and the case will be remanded with the direction to dismiss the proceedings for want of jurisdiction.

---

1. See United States ex rel. Hamilton v. Maroney, 184 F.Supp. 721 (W.D.Pa. 1960), Commonwealth ex rel. Hamilton v. Maroney, 28 Pa.Dist. & Co.R.2d 564, aff'd 200 Pa.Super. 73, 187 A.2d 183 (1962), and the references to various other proceedings therein.

2. Unreported.

3. We are not presently concerned with this aspect of Hamilton's case.