UNITED STATES of America ex rel. Luther C. WILLIAMS, Relator-Appellant,

v.

Everett J. HEDRICK, as Sheriff of Champaign County, Illinois, Respondent-Appellee.

No. 15378.

United States Court of Appeals Seventh Circuit.

Feb. 24, 1966.

Ray M. Foreman, Danville, Ill., for appellant.

John J. Bresee, Urbana, Ill., for appellee.

Before DUFFY and SWYGERT, Circuit Judges, and GRUBB, Senior District Judge.

GRUBB, Senior District Judge.

Appellant petitioned the United States District Court for issuance of writ of habeas corpus alleging the invalidity of extradition proceedings in the State of Illinois pursuant to demand by the governor of the State of Ohio. The grounds for the relief requested in federal court, similar to those litigated in the courts of the State of Illinois, see People v. Williams, 31 Ill.2d 160, 201 N.E.2d 117 (1964), arise out of alleged irregularities in the statutory procedure governing extradition, purportedly in violation of Article IV, Section 2 United States Constitution, as implemented by Section 3182, Title 18 U.S.C.A.

By brief in support of the federal petition, it was also argued that the State of Ohio had lost jurisdiction over the person of appellant by surrendering him to another state for prosecution. Thereafter, appellant disavowed this additional basis for relief and submitted a memorandum brief setting forth the error of this contention. The district court nevertheless dismissed the petition for the reason that there had been no exhaustion of state remedies as required by Section 2254, Title 28 U.S.C.A. since appellant had failed to raise this question in the Illinois courts. The appeal is from the order of dismissal of the petition.

The ruling of the district court would compel appellant to litigate in the courts of Illinois an issue wihch he claims was raised inadvertently and erroneously, and which he has disavowed. Appellee has not contended that the loss of jurisdiction by the State of Ohio presents an arguable question. Appellant having withdrawn this issue, the merits of this additional ground for relief are not before this court.

The requirement of the exhaustion of state remedies as a condition for invoking federal relief under Section 2254, Title 28 U.S.C.A. does not go to the power of the federal court to hear the cause, but to comity between state and federal courts. Although the state courts should have an opportunity to correct an alleged constitutional violation, a petitioner for federal relief is not compelled to seek state remedies that are not available at the time he files application in federal court. Fay v. Noia, 372 U.S. 391, 420, 435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Similarly, federal habeas corpus relief is not to be withheld until a petitioner litigates in the state courts an issue he has disavowed because he believes it to be without merit. If appellant is correct in his present position concerning the issue of the jurisdiction of the State of Ohio, further litigation in the state court of a nonmeritorious cause would not advance comity between the courts. Should appellant attempt to revive the issue in federal court at a future date, he will be met by his disavowal in this action. United States ex rel. Calhoun v. Pate, 341 F.2d 885 (7th Cir. 1965), may be distinguished because relator stood on the new and additional grounds not raised in the state courts which he presented in his petition to the federal court.

The order of the district court is reversed and the cause remanded with directions to grant a hearing on the issues presented by appellant's petition herein.