**UNITED STATES of America ex rel. Hezekiah THOMAS**

v.

**Alfred T. RUNDLE, Supt.**

**Misc. No. 3721.**

United States District Court
E. D. Pennsylvania.

Feb. 27, 1968.

---

Hezekiah Thomas, in pro. per.

## OPINION AND ORDER

BODY, District Judge.

The relator, Hezekiah Thomas, has filed with this Court a petition which ambivalently purports to be both a habeas corpus petition and a petition for removal under Title 28 U.S.C. §§ 1443–1446. As a petition for removal, the relator's action must be dismissed. The proceeding which he seeks to remove from the state court is a state habeas corpus action. Title 28 U.S.C. §§ 1443–1446 are available to *defendants* unable to enforce civil rights in a state court, and in a habeas corpus action the relator is no longer a defendant. Nor are there any other federal provisions authorizing removal of petitions for writs of habeas corpus commenced in state courts. See United States ex rel. Hamilton v. Maroney, 355 F.2d 441 (3d Cir. 1966).

Consideration of Thomas' petition as a habeas corpus petition demands a brief summary of the relevant facts. In 1954 Thomas received consecutive sentences of seven to eighteen years and four to eight years. He did not appeal his conviction, which was founded on a guilty plea. He began service of the second sentence in December 1965.

In June, 1966, Thomas filed a petition under the recently promulgated Pennsylvania Post-Conviction Hearing Act. He received court-appointed counsel. In September, 1966, the state court held a hearing. Further hearings were scheduled. On January 19, 1968 another hearing was scheduled but continued until February 28, 1968. Thus twenty months after he originally filed his petition, Thomas has not received a ruling on its contentions.

Thomas requests that we order the state court to hold the hearing so frequently continued within forty-five days or surrender jurisdiction to the federal courts. Since we are informed by the Clerk of the Quarter Sessions Court that a hearing date has been set for February 28, 1968, it would not appear necessary to enter such an order. Additionally, the Quarter Sessions Clerk has explained that a new procedure for expediting hearings and decisions on post-conviction petitions has been installed this month; and that the relator's petition will receive immediate attention under the new procedure. We have also been informed by telephone by the Philadelphia County District Attorney's office that much of the delay in Thomas' case has been occasioned by the withdrawal of several court-appointed attorneys. Apparently, attorney withdrawals have become a frequent and troublesome cause of delay since the enormous increase in state collateral attacks under the new Post-Conviction Hearing Act; under Pennsylvania law, all such collateral attacks require court-appointed counsel for the indigent, and the attorneys appointed are apparently finding their burden of representation too heavy to bear. It is to be hoped that this problem will be resolved soon in an appropriate manner satisfactory to all; the delay in the administration of justice which such attorney withdrawals cause is considerable and undesirable from any point of view.

In light of the fact that the state courts have scheduled a further hearing on Thomas' petition, and in light of the assurances of expedition which we have

received from the Quarter Sessions Clerk, we do not believe federal court interference to be appropriate at this time. Should the relator experience further frustration in obtaining a ruling from the state court, he should exhaust his available state remedies by petitioning the state appellate courts for a speedier ruling. Should his available state remedies prove inadequate, he may return to this Court for further consideration.

## ORDER

AND NOW, this twenty-seventh day of February, 1968, it is ordered that the petition of Hezekiah Thomas for removal will be and hereby is denied with prejudice.

It is further ordered that the petition of Hezekiah Thomas for habeas corpus relief will be and hereby is denied without prejudice.