John R. CONNER, Appellant,

v.

Joseph F. SALZINGER, Sr., Warden, Leroy Zimmerman, District Attorney, Dauphin County, Pennsylvania.

No. 19388.

United States Court of Appeals, Third Circuit.

Submitted Oct. 8, 1971.

Decided March 31, 1972.

Edward G. O'Connor, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for appellant.

James W. Evans, Goldberg, Evans & Katzman, Harrisburg, Pa., for appellee.

Before KALODNER, STALEY and ADAMS, Circuit Judges.

OPINION OF THE COURT

KALODNER, Circuit Judge.

On September 11, 1969, the appellant John R. Conner filed an action in the Dauphin County Common Pleas Court, Pennsylvania, September Term, 1969, No. 66, seeking recovery of $500,000 damages from the defendants Joseph F. Salzinger, Warden of the Dauphin Coun-

ty Prison and Leroy Zimmerman, District Attorney of Dauphin County for alleged failure to provide him with proper medical attention with respect to injuries he sustained while an inmate of the Dauphin County Prison.

On July 9, 1970, Conner filed in the District Court for the Middle District of Pennsylvania a "Petition for Removal" of his Dauphin County suit.

The Petition stated in relevant part:

"Plaintiff now moves this Honorable Court under Civil Right Codes to take jurisdiction of Civil Action No. 66 Sept. Term 1969, filed in the Dauphin County Court, against the named defendants, who are political (sic) influential and affiliated with said Court, and allow the Plaintiff to seek redress in this Honorable Court, where the Plaintiff can receive equity, justice and due process of law, as guaranteed by the 14th Amendment of the Constitution."

The "Petition for Removal" had attached to it these exhibits: "Exhibit 1"—Conner's Complaint for "Criminal Negligence Violation of Civil Rights" in his Dauphin County action; "Exhibit 2"—a copy of "Proof of Service by Mail" of his Removal Petition of the "presiding judge Dauphin County Court," and on Dowling and Dowling, Attorneys at Law, Harrisburg, Pennsylvania, defendants' counsel of record in his Dauphin County action; "Exhibit 3"—a copy of Conner's pending "Petition for Change of Venue" in his Dauphin County action, premised on his allegations "[t]hat the named defendants are influential politically in the County of Dauphin, Pennsylvania," and "[t]hat the defendants are directly, or indirectly associated with the above named Court"; "Exhibit 4"—"Defendants' Answer to Plaintiff's Petition for Change of Venue" denying the allegations in his "Petition for Change of Venue," and "Exhibit 5"—"Plaintiff's Rebuttal of Defendants' For Change of Venue."

The foregoing establishes that Conner's "Petition for Removal" sought *only* to remove his pending action from the Dauphin County Court of Common Pleas to the District Court, and that it did not purport to constitute the filing of a new and independent action in the District Court.

It is apparent that the District Court mistakenly treated the removal petition as the filing of an independent action. It directed the Clerk of the Middle District to docket the Petition as a "Complaint," and then denied leave to prosecute it in forma pauperis on the ground that it "failed to state a claim upon which relief can be granted," citing the holding in Commonwealth of Pennsylvania ex rel. Gatewood v. Hendrick, 368 F.2d 179 (3rd Cir. 1966), cert. den. 386 U.S. 925, 87 S.Ct. 899, 17 L.Ed.2d 797 (1967), that a complaint by a state prisoner charging prison authorities with negligence in failing to provide him with necessary medical treatment does not state a cause of action under the civil rights laws or the federal Constitution.

The threshold question presented by this appeal is whether the District Court had jurisdiction to entertain Conner's "Petition for Removal" of his pending action in the Dauphin County court.

We are of the opinion that the District Court lacked jurisdiction to entertain the "Petition for Removal" and that it erred in failing to deny it and to dismiss the proceedings on that ground.

Removal of civil actions, including civil rights actions,[1] is governed by the provisions of the Removal Statutes, 28 U.S.C.A. §§ 1441, 1443 and 1446.

Section 1441(a), "Actions removable generally," provides in relevant part:

". . . any civil action brought in a State court of which the district

---

1. We do not on this appeal reach the question as to whether Conner's state court action is within the sweep of the various civil rights laws or the Constitution of the United States.

courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis supplied).

Section 1443, "Civil rights cases," provides in relevant part:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed *by the defendant* to the district court of the United States for the district and division embracing the place where it is pending: . . ." (emphasis supplied).

Section 1446, "Procedure for removal," provides in relevant part:

"(a) A *defendant or defendants* desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district . . . within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action. . . ." (emphasis supplied).

■ It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants*. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104–105, 61 S.Ct. 868, 85 L.Ed. 1214 (1941);[2] In re Walker, 375 F.2d 678 (9th Cir. 1967); Shotkin v. Presbyterian Church Board of Pensions, 343 Pa. 650, 652, 23 A.2d 419 (1942), cert. den. 317 U.S. 632, 63 S.Ct. 58, 87 L.Ed. 510.

In *Walker*, the Court, in affirming the dismissal of the plaintiff's petition seeking to remove her suit from a state court to the District Court, said:

"No right exists in favor of a person who, *as plaintiff*, has filed an action in the state court, to cause the removal of such action to a federal court. See 28 U.S.C. §§ 1441, 1443, 1446; Moore's Federal Practice, 2d ed. Vol. 1A, p. 262; Wright, Federal Courts, p. 120." (emphasis supplied).

■ Significantly pertinent here is United States ex rel. Hamilton v. Maroney, 355 F.2d 441 (3 Cir. 1966). There, Hamilton filed a petition for the removal to the Western District of Pennsylvania of a habeas corpus proceeding which he had instituted in the Court of Common Pleas of Venango County, Pennsylvania. The District Court there treated the removal petition as a "Petition for Habeas Corpus" and then denied it.

On our review, we held that the District Court erred in treating Hamilton's removal petition as a petition for habeas corpus relief, and then vacated its order of dismissal of the petition, and remanded the case with directions to dismiss the proceedings for lack of jurisdiction.

In doing so we said:

"There is, of course, no basis in law for the removal of proceedings for habeas corpus from the Court of Common Pleas of Venango County to the United States District Court for the Western District of Pennsylvania and, in both substance and effect, have the sought-for removal served as a review procedure to be determined by the latter court in lieu of the Pennsylvania appellate tribunals." 355 F.2d 442.

The factual situation in *Maroney* is analogous to that in the instant case. In both the plaintiff sought to remove his civil action from a state court to a federal court, and in both, the District Court erroneously treated the removal petition as the filing of an original action.

For the reasons stated, the Order of the District Court will be vacated and the cause will be remanded with direction to dismiss the proceedings for want of jurisdiction.

---

**2.** In Shamrock, the predecessor section of § 1441 was concerned.