**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRY FLOYD WALLING,

      Plaintiff - Appellant,

vs.

STATE OF KANSAS,

      Defendant - Appellee.

No. 98-3154
(D.C. No. 98-3054-GTV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

Mr. Walling, an inmate appearing pro se and in forma pauperis, appeals

from the district court's dismissal of his notice of removal. It appears from the

record that after being denied state post-conviction relief and filing a notice of

appeal, Mr. Walling sought to remove his state action to federal court. The

district court dismissed the notice/action on the grounds that Mr. Walling was not

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

a defendant that could remove under 28 U.S.C. § 1441(a),   see Shamrock Oil & Gas Corp. v. Sheets , 313 U.S. 100, 104-07 (1941);   Conner v. Salzinger , 457 F.2d 1241, 1243 (3d Cir. 1972), nor could he remove under 28 U.S.C. § 1446(c). Merely because Mr. Walling was once a defendant in the state criminal action does not make him one for purposes of state post-conviction relief and removal. See Okot v. Callahan , 788 F.2d 631, 633 (9th Cir. 1986);   Attorney General ex rel. Mertz v. Yeager , 464 F.2d 553, 554 (3d Cir. 1972).

We GRANT Mr. Walling's motion to supplement the record on appeal filed February 8, 1999.  This case is legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii), and the appeal is hereby

DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

2