**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2582
_____

DEBBIE HUGHEY,
                              Appellant

v.

SEPTA - SOUTHEASTERN PENNSYLVANIA TRANSPORTATION
AUTHORITY; EDWARD ROBINSON; REGINA STONE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-02903)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2018

Before:  VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed: February 21, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Debbie Hughey appeals from the District Court's dismissal of her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the following reasons, we will affirm.

In June 2017, Hughey filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis, in the United States District Court for the Eastern District of Pennsylvania. Hughey alleged in her complaint that she was a passenger in a SEPTA bus when it was hit by another vehicle. Hughey asserted that this accident was due to the "careless[] and negligent[]" conduct of both drivers. As a result of this accident, Hughey brought suit in state court. Hughey's case was submitted to compulsory arbitration, which resulted in a finding in her favor, with an award of $0.00. Hughey appealed the arbitration award. As of the date of this opinion, Hughey's petition for allowance of appeal with the Pennsylvania Supreme Court is pending. In her complaint, Hughey additionally alleged that defendants violated her civil rights during her state court proceedings by forcing her into mandatory arbitration and depriving her of due process and jury trial rights.

By order entered June 30, 2017, the District Court granted Hughey leave to proceed in forma pauperis, and sua sponte dismissed Hughey's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court held that Hughey had failed to state a claim under § 1983, and that her claims were barred by the statute of limitations. Hughey appeals.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court that Hughey's claim related to the motor vehicle accident is barred by the statute of limitations. In her complaint, Hughey sought to remove her state court proceeding to federal court, pursuant to 28 U.S.C. § 1441. If Hughey were permitted to remove her case to federal court, the statute of limitations would not bar her claims from being heard. However, the right to remove a case from state to federal court is reserved to defendants, not plaintiffs. See Shamrock Oil & Gas Corp., 313 U.S. 100, 104–05 (1941); Conner v. Salzinger, 457 F.2d 1241, 1242–43 (3d Cir. 1972). As Hughey is the plaintiff in her state court case, she does not have the right to remove the case to federal court.

As a result, Hughey's federal complaint is a new action that is barred by the statute of limitations.[1] The statute of limitations for § 1983 claims is governed by the limitations

---

[1] Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the

3

period for state law personal injury claims. See Wallace v. Kato, 549 U.S. 384 (2007). In Pennsylvania, the statute of limitations is two years from the date the claim accrued. See 42 Pa. Cons. Stat. § 5524(2). In her complaint, Hughey alleged that the accident occurred on May 17, 2014, but she did not file in the District Court until June 27, 2017, over three years after the accident took place. On appeal, Hughey merely asserts that her complaint was timely, but fails to provide any explanation for why the District Court's analysis was incorrect. Thus, the District Court correctly found that Hughey's claim regarding the motor vehicle accident is time-barred.[2]

Additionally, we find that there is no merit to Hughey's assertion that the state court proceedings violated her right to due process or a jury trial. Hughey provided only conclusory statements regarding the claimed violations and failed to provide any explanation as to why compulsory arbitration violated her rights. As a result, Hughey failed to state a claim for relief, since merely reciting an element of a cause of action or making a bare conclusory statement is insufficient to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (U.S. 2009). Besides, Hughey appealed the arbitration award, invoked her right to proceed to trial, and her case was listed for the jury pool. Only later was her

---

complaint and no development of the factual record is required. Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

[2] Even if Hughey's claim was not barred by the statute of limitations, the claim is meritless. In her complaint, Hughey specifically states that defendants were "careless[] and negligent[]" in their actions. But, the Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986).

case dismissed, prior to trial. Hughey does not explain why the compulsory arbitration program violated her right to a jury trial. Cf. Kimbrough v. Holiday Inn, 478 F. Supp. 566, 571 (E.D. Pa. 1979) (finding that compulsory arbitration programs do not "impose conditions so burdensome or so onerous that it interferes with the rights guaranteed by the Seventh Amendment"); Parker v. Children's Hospital of Philadelphia, 483 Pa. 103, 118 (Pa. 1978) (finding that arbitration, as a condition precedent to trial, does not violate the right to a jury trial under the Pennsylvania Constitution).[3]

___

[3] We have considered Hughey's remaining arguments and conclude that they are meritless.