**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1164
_____

DEPARTMENT OF FINANCE OF SUSSEX COUNTY,
a Political Subdivision of the State of Delaware

v.

CLIFFORD E. POLK HEIRS; JOANN CARROLL;
EULALIA DERRICKSON; CORINE HOLLANWORTH

*GEORGE K. TRAMMELL, III,
Appellant
*(Pursuant to Fed. R. App. P. 12(a))
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1:17-cv-01448)
District Judge: Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2018

Before: VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed: June 6, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant George Trammell appeals the District Court's remand of a case which was removed from Delaware state court. In October 2017, Trammell unsuccessfully sought to intervene in a state court monition action in which he claimed to have an interest in a property that was later sold to recover unpaid real estate taxes. After his request to intervene was denied, Trammell filed a notice of removal in the District Court. The District Court remanded the case sua sponte, concluding that it lacked subject matter jurisdiction because Trammell was not a party to the underlying suit and thus he was not a "defendant" who could remove the case pursuant to 28 U.S.C. § 1441(a). See 28 U.S.C. § 1447(c); Conner v. Salzinger, 457 F.2d 1241, 1243 (3d Cir. 1972). Trammell's subsequent motion for reconsideration was denied, and he appealed.

We lack jurisdiction to review the District Court's remand order.[1] See 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."); see also Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997). We similarly lack jurisdiction to review the District Court's order denying reconsideration of its remand order. See Agostini v. Piper Aircraft Corp., 729 F.3d 350, 355 (3d Cir. 2013).

---

[1] To the extent that Trammell invoked 42 U.S.C. § 1443 in his notice of removal, although this Court has jurisdiction to review "an order remanding a case to the State court from which it was removed pursuant to section . . . 1443," see 28 U.S.C. § 1447(d), that provision is plainly inapplicable here, as it too can only be the basis for removal by a "defendant," unlike Trammell. Further, Trammell appears to lack standing to pursue removal of a case to which he is not a party, which is another jurisdictional prerequisite to pursuing the appeal. See Wheeler v. Travelers Ins. Co., 22 F.3d 534, 537-39 (3d Cir. 1994).